# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>    v.<br><br>SUSAN JAN BRADSHAW,<br><br>               Defendant. | Case No. 3:15-cr-00005-SLG-7 |

## ORDER REGARDING MOTION FOR COMPASSIONATE RELEASE

Before the Court at Docket 971 is defendant Susan Jan Bradshaw's Motion and Memorandum in Support of Compassionate Release Pursuant to 18 U.S.C. § 3582(C)(1)(A). The government filed an opposition at Docket 977. The U.S. Probation Office filed a sealed Compassionate Release Investigation report at Docket 976 and a supplemental report at Docket 978. Ms. Bradshaw filed her medical records under seal at Dockets 975 and 980.

On October 22, 2019, this Court sentenced Ms. Bradshaw to 48 months of incarceration after she pleaded guilty to one count of Money Laundering Conspiracy.[1] Ms. Bradshaw is currently incarcerated at Dublin FCI in California, and her projected release date is January 7, 2023.[2] In light of the COVID-19

---

[1] Docket 939.

[2] Fed. Bureau of Prisons, Inmate Locator (available at www.bop.gov/inmateloc/) (last accessed Oct. 9, 2020).

pandemic, Ms. Bradshaw seeks an order reducing her sentence to time served and possibly "modifying her term of supervised release to include home detention for the period of time equal to the remaining term of incarceration."[3]

The government responds that the motion should be denied because Ms. Bradshaw's "medical condition is not an 'extraordinary and compelling' reason at this time" and because a reduction in sentence "would be entirely inconsistent with the 18 U.S.C. § 3553(a) factors underlying the Court's original 48-month sentence."[4] The U.S. Probation Officer who completed the Compassionate Release Investigation in Ms. Bradshaw's case recommended that the motion be denied because Ms. Bradshaw's medical conditions are being addressed by the BOP "through medication and continued care" and because a reduction in sentence to time served "would not adequately address the seriousness of the instant offense and the need to deter the defendant and others from similar conduct."[5]

## I. Applicable law

The First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to allow federal inmates to move the district court for a sentence reduction after exhausting their administrative rights.[6] If the defendant has exhausted their administrative

---

[3] Docket 971 at 3.

[4] Docket 977 at 2.

[5] Docket 976 at 3.

[6] First Step Act of 2018, PL 115-391, Dec. 21, 2018, 132 Stat 5194. Prior to this amendment,

Case No. 3:15-cr-00005-SLG-7, *United States v. Bradshaw*
Order Re Motion for Compassionate Release
Page 2 of 8
Case 3:15-cr-00005-SLG   Document 982   Filed 10/13/20   Page 2 of 8

rights, a district court must consider the motion on the merits. On the merits, the court must find that "extraordinary and compelling reasons warrant" a sentence reduction, that the applicable factors set forth in 18 U.S.C. § 3553(a) support a sentence reduction, and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[7]

## II. Exhaustion of administrative rights

An inmate has exhausted her administrative rights if the warden of an inmate's facility has denied a request for compassionate release or if 30 days have lapsed from the receipt of a request by an inmate for compassionate release by the warden of the inmate's facility.[8] The parties agree that Ms. Bradshaw has exhausted her administrative rights.[9] The Court finds that Ms. Bradshaw has met the exhaustion standard, and the motion is ripe for consideration on the merits.

## III. Extraordinary and compelling reasons

Ms. Bradshaw, who is 56 years old, submits that she "has significant health issues."[10] Ms. Bradshaw's medical records confirm that she has been diagnosed

---

only the Director of the Bureau of Prisons could bring a motion to reduce an inmate's sentence.

[7] 18 U.S.C. § 3582(c). In *Pepper v. United States*, 562 U.S. 476, 490–93 (2011), the Supreme Court held that when resentencing a defendant whose sentence has been set aside on appeal, "a district court may consider evidence of a defendant's rehabilitation since his prior sentencing and that such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range."

[8] 18 U.S.C. § 3582(c)(1)(A).

[9] Docket 971 at 5–6; Docket 977 at 13 n. 2.

[10] Docket 971 at 1.

Case No. 3:15-cr-00005-SLG-7, *United States v. Bradshaw*
Order Re Motion for Compassionate Release
Page 3 of 8
Case 3:15-cr-00005-SLG   Document 982   Filed 10/13/20   Page 3 of 8

with a number of health issues; however, many of those issues do not appear to increase her risk of COVID-19. For example, Meniere's Disease is an inner-ear disorder that can cause dizziness and hearing loss;[11] Terson's syndrome results from ocular hemorrhages and can cause eyesight loss.[12] However, the Centers for Disease Control and Prevention indicate that people with Chronic Obstructive Pulmonary Disease (COPD) and people who are obese "are at increased risk of severe illness from the virus that causes COVID-19" and indicate that people with asthma "might be at an increased risk for severe illness."[13] Ms. Bradshaw is obese and has both COPD and asthma. She maintains that these issues "place her in a high-risk category if she is exposed to coronavirus" and "constitute 'extraordinary and compelling' circumstances that warrant her release from custody."[14]

The government agrees that Ms. Bradshaw "has a number of health conditions that are identified COVID-19 risk factors."[15] However, the government contends that Ms. Bradshaw is able to provide self-care within Dublin FCI and that

---

[11] Mayo Clinic, *Meniere's disease*, available at www.mayoclinic.org/diseases-conditions/menieres-disease/symptoms-causes/syc-20374910 (last accessed Oct. 9, 2020); Docket 971-2 (letter from Dr. David Beal).

[12] Megan Rowlands, *et al*, *Terson Syndrome: Don't Let it Go Unrecognized*, Amer. Acad. Of Ophthalmology EyeNet Magazine (Nov. 2018).

[13] Centers for Disease Control & Prevention, *People with Certain Medical Conditions*, available at www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed Oct. 9, 2020).

[14] Docket 971 at 2, 19.

[15] Docket 977 at 15.

Case No. 3:15-cr-00005-SLG-7, *United States v. Bradshaw*
Order Re Motion for Compassionate Release
Page 4 of 8
Case 3:15-cr-00005-SLG   Document 982   Filed 10/13/20   Page 4 of 8

the BOP "has cared for her medical conditions, and nothing indicates that such care will be unavailable during the pandemic."[16]

The Court has reviewed nearly 200 pages of Ms. Bradshaw's medical records spanning from late 2017 to September 2020.[17] The vast majority of those records document care related to hearing, vision, and dental problems and a gallbladder surgery Ms. Bradshaw underwent in summer 2019. There are very few records reflecting problems related to asthma, COPD, or obesity. The medical records show that Ms. Bradshaw is prescribed an albuterol inhaler and a tiotropium bromide inhaler for asthma and COPD along with two oral medications for asthma and COPD (montelukast sodium and prednisone).[18] Last month, Ms. Bradshaw had increasing shortness of breath and was spitting up mucus.[19] She was seen on two consecutive days by the medical staff at Dublin FCI, who noted that the problems may have been caused by allergens and not exacerbated asthma or COPD.[20]

The Court finds that although Ms. Bradshaw's asthma, COPD, and obesity are factors that increase her risk of COVID-19, the BOP is providing adequate and appropriate medical care. Ms. Bradshaw's medical condition does not constitute

---

[16] Docket 977 at 15–16.

[17] Docket 971-2 at 7–21; Docket 975-1; Docket 980-1.

[18] Docket 980-1 at 23–24.

[19] Docket 980-1 at 1, 4.

[20] Docket 980-1 at 1–4.

Case No. 3:15-cr-00005-SLG-7, *United States v. Bradshaw*
Order Re Motion for Compassionate Release
Page 5 of 8
Case 3:15-cr-00005-SLG   Document 982   Filed 10/13/20   Page 5 of 8

an "extraordinary and compelling" reason that would justify a reduction in sentence at this time.

## IV. Section 3553(a) factors

Ms. Bradshaw acknowledges that "the circumstances of the present offense qualified Ms. Bradshaw for the serious sentence this Court originally imposed."[21] However, she asserts that "the sentencing purpose of just punishment does not warrant a sentence that includes exposure to a life-threatening illness" and that the COVID-19 pandemic is an "overriding factor under § 3553(a) that was not present at the time of sentencing."[22]

In considering a motion for compassionate release, the § 3553(a) factors are a lens through which the Court views the continued validity of the imposed sentence in light of the COVID-19 pandemic. The Court finds that the applicable § 3553(a) factors do not support a reduction in sentence in this case for the following reasons.

Ms. Bradshaw's crime of conviction involved her making "at least 1 deposit of U.S. currency into a bank account belonging to the leader of an extensive drug conspiracy."[23] A confidential informant identified Ms. Bradshaw as a

---

[21] Docket 971 at 25.

[22] Docket 971 at 25. Ms. Bradshaw cites to the Eighth Amendment's prohibition on cruel and unusual punishment but does not develop a constitutional argument. Docket 971 at 25–26.

[23] Docket 902 at 1, 17 (under seal).

Case No. 3:15-cr-00005-SLG-7, *United States v. Bradshaw*
Order Re Motion for Compassionate Release
Page 6 of 8
Case 3:15-cr-00005-SLG   Document 982   Filed 10/13/20   Page 6 of 8

methamphetamine and heroin dealer.[24]  A search of Ms. Bradshaw's home and storage unit located more than $150,000 dollars in cash, ten firearms, methamphetamine, and heroin.[25]  Ms. Bradshaw was charged in federal court in January 2015 and in September 2017 was found and arrested in Mexico.[26]

The U.S.S.G. range in this case was 135 to 168 months.[27]  However, this Court imposed a sentence substantially below the U.S.S.G. range in part due to Ms. Bradshaw's medical issues.[28]  As the government points out, the imposed 48 month sentence was 65% below the low end of the U.S.S.G. range.[29]  Ms. Bradshaw has only served approximately one year of her sentence.[30]  The Court finds that further reduction of Ms. Bradshaw's sentence would not reflect the nature and circumstances of the offense, the history and characteristics of Ms. Bradshaw, the seriousness of the offense, promote respect for the law, afford adequate deterrence, protect the public, or provide just punishment.[31]

---

[24] Docket 902 at 11.

[25] Docket 902 at 18–19.

[26] Docket 902 at 9–10.

[27] Docket 902 at 1.

[28] Docket 940 at 3 (under seal).

[29] Docket 977 at 22.

[30] Docket 976 at 3.

[31] 18 U.S.C. § 3553(a)(2).

Case No. 3:15-cr-00005-SLG-7, *United States v. Bradshaw*
Order Re Motion for Compassionate Release
Page 7 of 8
Case 3:15-cr-00005-SLG   Document 982   Filed 10/13/20   Page 7 of 8

The Court also finds that Ms. Bradshaw's proposed release plan is not feasible. Ms. Bradshaw proposes to serve her home confinement by living with her son in Wasilla, Alaska.[32] However, when contacted by the U.S. Probation Office, Ms. Bradshaw's son indicated he was not able to have her live with him at this time.[33] Ms. Bradshaw's daughter and a family friend have also declined to have Ms. Bradshaw live with them at this time.[34] Thus, there is currently no release plan in place for Ms. Bradshaw.

In light of the foregoing, IT IS ORDERED that the motion at Docket 971 is DENIED.

DATED this 13th day of October, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[32] Docket 971 at 27

[33] Docket 976 at 2.

[34] Docket 976 at 2; Docket 978.

Case No. 3:15-cr-00005-SLG-7, *United States v. Bradshaw*
Order Re Motion for Compassionate Release
Page 8 of 8
Case 3:15-cr-00005-SLG   Document 982   Filed 10/13/20   Page 8 of 8